Guerra, Demandante y Apelado, *v.* Finlay, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de honorarios profesionales.

No. 2174.—Resuelto en febrero 5, 1920.

Apelación—Desestimación de—Notificacion—Muerte del Apelante—Abogado y Cliente.—Una moción para desestimar un recurso de apelación debe notifi-

carse a la parte contraria o a su abogado. Cuando fallece el apelante, la notificación hecha al que fué su abogado, no es suficiente. La muerte del cliente pone término al poder que había conferido a su abogado.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Juan B. Soto.*

Abogados del apelado: *Sres. Guerra Mondragón* y *Soldevila.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Miguel Guerra demandó en la Corte de Distrito de San Juan a Josefina Finlay, en cobro de honorarios y obtuvo una sentencia favorable. La demandada apeló y habiendo transcurrido el tiempo fijado por la ley sin que radicara la transcripción de los autos en esta Corte Suprema, Guerra, como demandante y apelado, solicitó la desestimación del recurso, notificando su moción a Juan B. Soto, abogado de Josefina Finlay. Juan B. Soto, en un escrito jurado, dirigido a esta Corte Suprema, expuso que Josefina Finlay había fallecido después de interpuesto el recurso, hecho por el cual había cesado su representación, no teniendo por tanto, autoridad para aceptar la notificación que se le hacía. Con esos antecedentes, se celebró la vista de la moción de desestimación con la sola comparecencia del abogado de la parte apelada.

El artículo 1634 del Código Civil dice:

"El mandato se acaba: 1. Por revocación. 2. Por la renuncia del mandatario. 3. Por muerte, interdición, quiebra o insolvencia del mandante, o del mandatario."

"La muerte del cliente," expresa Corpus Jury, "o, en el caso de una corporación o sociedad, su disolución, hace cesar el poder del agobado, y a éste ni se le requiere ni está autorizado para hacer nada más. Así, después de la muerte del cliente, el abogado no puede admitir una equivocación previa, remitir parte de un veredicto o revivir un pleito pendiente a nombre de los herederos o representantes personales sin la autoridad de ellos. 6 C. J. 675," y casos citados.

De acuerdo con la ley y la jurisprudencia tiene razón el

abogado Juan B. Soto y en tal virtud, no habiendo sido notificada la moción de desestimación a la parte contraria, no se ha dado a ésta la oportunidad de defenderse y en su consecuencia no cabe la desestimación del recurso.

Con respecto al procedimiento que debe seguirse en casos de esta naturaleza, véanse la opinión de esta corte en el caso de *Oliver et al.* v. *Andino et al.,* 21 D. P. R. 530, y las órdenes dictadas en dicho caso en mayo 19, 1914; abril 30, mayo 6 y mayo 20, 1915, y enero 10 y marzo 23, 1916, y 3 C. J. 1020 y siguientes.

*Sin lugar la desestimación del recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.